UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH STAGGS, as Personal Representative of the Estate of Jeffrey Hugh Staggs,<br><br>                               Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br><br>                               Defendant. | Case No.: 18cv1981-L(WVG)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND TO ALLEGE SUBJECT MATTER JURISDICTION** |

In this tort action for negligence and breach of contract, Plaintiff alleges federal jurisdiction based on diversity of citizenship under 28 U.S.C. §1332. (Compl. at 2.) Because the complaint does not sufficiently allege the parties' citizenship, the action is dismissed with leave to amend.

Unlike state courts,

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010). Plaintiff relies on 28 U.S.C. §1332, which requires complete diversity of citizenship between plaintiffs and defendants. The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

The complaint names Sarah Staggs, personal representative for the estate of Jeffrey Hugh Staggs as Plaintiff, and National Collegiate Athletic Association ("NCAA") as Defendant. For diversity purposes, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . .." 28 U.S.C. § 1332(c)(2). Plaintiff alleged the decedent was a California citizen. (Compl. at 2.) Citizenship of an unincorporated entity such as NCAA is determined by the citizenship of all of its members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990). Plaintiff alleges that the NCAA has a principal place of business in Indiana. (Compl. at 2.) This is insufficient to establish that the parties meet all the requirements of diversity jurisdiction.

Because Plaintiff does not allege the facts necessary to establish diversity, the complaint is dismissed for lack of subject matter jurisdiction. Plaintiff is granted leave to file an amended complaint to supplement the jurisdictional allegations. *See* 28 U.S.C. §1653. If Plaintiff chooses to file an amended complaint, she must do so no later than **September 19, 2018**.

**IT IS SO ORDERED.**

Dated: August 28, 2018

_____
Hon. M. James Lorenz
United States District Judge